United States District Court
District of Massachusetts

|  |  |
|---|---|
| America's Growth Capital, LLC,  )<br>　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>eAssist, Inc. D/B/A eAssist　)<br>Dental Solutions,　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　)<br>　　　　　　　　　　　　　　　) | Civil Action No.<br>21-cv-11104 |

### MEMORANDUM & ORDER

GORTON, J.

On December 8, 2023, the Court held a status conference during which the parties disputed whether this case should be tried with or without a jury. The Court directed counsel to submit short memoranda in support of their respective positions, which they did (see Docket Nos. 80, 81).

Plaintiff America's Growth Capital, LLC d/b/a AGC Partners ("plaintiff") seeks a bench trial and contends that the jury demand included in its complaint does not override the contractual waiver of a jury trial to which the parties agreed. Defendant eAssist, Inc. d/b/a eAssist Dental Solutions ("defendant") responds that a jury trial is warranted because it

has relied on plaintiff's initial jury demand during the pendency of this action.

Neither party disputes that 1) a written contract between the parties that predates this litigation contains a jury waiver provision, 2) plaintiff's complaint, which was originally filed in state court in June, 2021, includes the heading, "Complaint and Jury Demand" and 3) when defendant removed this case from state court, it filed a civil cover sheet that included reference to the jury demand. It is also undisputed that defendant did not claim a jury in its answer.

The Court finds that despite the contractual jury waiver, plaintiff's jury demand at the time it filed its complaint and defendant's reasonable reliance on it estops plaintiff from renouncing its jury demand. See Rankin v. Allstate Ins. Co., 336 F.3d 8, 12-14 (1st Cir. 2003) (arbitration clause can be forfeited if a party either delays invoking it or takes actions inconsistent with its invocation and thereby prejudices the opposing party); Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc., 863 F. Supp. 2d 118, 121 (D. Mass. 2021) (applying Rankin in jury waiver context).

In Landmark, both parties proceeded with trial preparation after the defendant filed a jury demand, despite the inclusion of a jury waiver provision in a contract between the parties.

863 F. Supp. 2d at 119.  Applying equitable principles of estoppel, this Court found that defendant was estopped from enforcing a jury waiver provision two years into the case. Id.

During the roughly 30 months that this case has been pending, plaintiff has not attempted to amend its jury demand and defendant has purportedly directed its written discovery and prepared for trial in reliance on that demand.  If this case proceeds to trial, it will be before a jury.

### ORDER

For the foregoing reasons, the case at bar shall proceed as a jury trial.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated:  February 20, 2024